UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-97-H

R. P. WESSEL COMPANY                                                                                     PLAINTIFF

V.

WILLIAM R. ROMERO                                                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, R. P. Wessel Company, filed suit to enforce a non-competition agreement after Defendant, William R. Romero, left its employ on February 7, 2007 and immediately went to work for a competing firm. On March 2, 2007, this Court entered a temporary restraining order enforcing the covenant not to compete and prohibiting Defendant from contacting any of his former clients and requiring Defendant to return all documents taken from Plaintiff's office. From that date until today Defendant has complied with that order.

On April 2, 2007, Defendant moved to dissolve the restraining order and this Court scheduled a hearing for April 24, 2007. At that hearing both parties presented testimony and argument on the question of the continuation of injunctive relief. In considering whether the Court should extend the temporary restraining order, the Court must consider (1) whether Plaintiff has substantial likelihood of success on the merits, (2) whether any irreparable harm will result if the injunction is not continued, (3) whether the injunction would satisfy a public interest and (4) whether the injunction itself would cause substantial harm to others. *See In re Eagle-Picher Industries, Inc.*, 963 F.2d 855, 859-60 (6th Cir. 1992).

For purposes of this motion, the Court finds that Defendant, in fact, has a substantial likelihood of prevailing on his argument that he and Plaintiff agreed to void his covenant not to compete under certain circumstances.  Those circumstances came to pass when Plaintiff reduced Defendant's share of his commissions below 35 percent in the year 2007.  The Court reaches this conclusion based upon its assessment of the documentary evidence which suggests an agreement.  Moreover, Defendant's testimony seemed more credible and more logical than Mr. Wessel's on the question of the existence of the 2003 agreement.  Consequently, Plaintiff cannot meet the most important criteria for the continuation of injunctive relief.

In view of the disputed evidence and the advantage Plaintiff has already obtained by the imposition of a 45 day restraining order.  During this time, Plaintiff has had a substantial opportunity to contact its existing clients and retain them if possible.  The ability to do so has certainly mitigated any harm to Plaintiff.  It would also be unfair to further extend injunctive relief without stronger evidence.  Consequently, the further injunctive relief has the danger of imposing a substantial and additional unwarranted harm upon Defendant.

In any event, it now appears that the initial temporary restraining order was entered without sufficient cause.  Should Plaintiff ultimately prevail on its claims, an appropriate remedy can be fashioned by the imposition of monetary damages.  The current injunction must be resolved.

For all these reasons and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dissolve the temporary restraining order is SUSTAINED IN PART and all injunctive relief related to Defendant's right to compete is DISSOLVED.

IT IS FURTHER ORDERED that the injunction which requires Defendant to return all papers and documents and which bars Defendant from using such documents, remains in effect.

cc:     Counsel of Record